IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TORGER MCRAE                                                                                          PLAINTIFF

            v.                          Civil No. 1:13-cv-01030

DAVID NORWOOD; LT. JAMES
BOLTON; ANDREW TOOFSON;
CHRIS LINDSEY; ANTHONY
GRUMMER; DOUG WOOD;
DEANNA FRIENDS; MELINDA
CONER; WESLEY STRINGFELLOW;
and DENNIS ROBINSON                                                                               DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Torger McRae filed this case *pro se* pursuant to 42 U.S.C. § 1983 on March 27, 2013. ECF No. 1. Now before the Court is Defendants' Motion to Dismiss. ECF No. 14.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. After careful consideration, the undersigned makes the following Report and Recommendation.

I.   BACKGROUND

At the time Plaintiff filed his Complaint, March 27, 2013, he was incarcerated in the Ouachita County Detention Center ("OCDC"). In his Complaint, Plaintiff named Sheriff David Norwood, Lt. James Bolton, Chris Lindsey, Anthony Grummer, Doug Wood, Andrew Toofson, Deanna Friends, Melinda Coner, Wesley Stringfellow, and Dennis Robinson as Defendants.

1

Plaintiff alleges these Defendants denied him medical care and ignored his grievances. Plaintiff also claims the conditions of confinement at the UCDC violated his constitutional rights.

On October 1, 2013, Defendants filed the instant Motion to Dismiss Pursuant to Local Rule 5.5(c)(2). In this Motion, Defendants state they forwarded Plaintiff medical records on September 6, 2013 to his address of record at the UCDC. The records were returned to them as undeliverable marked "Not Here." ECF No. 15, p. 1. Further, Defendants state Plaintiff has failed to notify them or the Court of his current address since being released from the UCDC.

Plaintiff did not respond to Defendants' Motion to Dismiss. Plaintiff has not communicated with the Court since initially filing his Complaint on March 27, 2013. The Court has no current address for Plaintiff.

## II. APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962)

2

(the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

### III. DISCUSSION

On March 27, 2013, in its initial filing Order, the Court advised Plaintiff that he must keep the Court informed of his current address or this case may be subject to dismissal. ECF No. 3. Plaintiff has failed to comply with the Court's March 27, 2013 Order. Plaintiff has also failed to prosecute this case. He has not communicated with the Court or Defendants since initially filing this case in March 2013.

While Plaintiff has failed to inform the Court of his current address, the Court cannot find a clear record of delay or contumacious conduct by the plaintiff. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) the Court recommends Plaintiff's Complaint be dismissed without prejudice.

Accordingly, Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this action. *See* Local

Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

IV.   **CONCLUSION**

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Local Rules and the Court's Orders, and failed to prosecute this action.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 7th day of August 2014.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE